IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICIPAL REVENUE SERVICES, INC. | : Case No.: 4:05CV671 |
| | : |
| Plaintiff | : Judge Jones |
| | : |
| v. | : |
| | : |
| XSPAND, INC., | : |
| | : |
| Defendant | : |

**MEMORANDUM AND ORDER**

June 8, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) ("the Motion")(doc. 22) filed by Defendant Xspand, Inc. ("Defendant" or "Xspand") on May 2, 2005. For the reasons that follow, the Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

On April 1, 2005, Plaintiff Municipal Revenue Services, Inc. ("Plaintiff" or "MRS") filed a complaint in the United States District Court for the Middle District of Pennsylvania seeking injunctive relief and damages for alleged violations of the

Lanham Act, common law unfair competition, commercial disparagement, tortious interference with contractual relations, and defamation.  (See Rec. Doc. 1).

On May 2, 2005, the instant Motion to Dismiss was filed, which has been briefed by the parties.  The matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

We initially note that Plaintiff argues that Defendant's Motion to Dismiss must be denied because it was filed after Defendant answered the complaint.  (See

Pl.'s Br. Opp. Def.'s Mot. Dismiss at 5). Defendant accurately submits however, that if a party files a Rule 12(b)(6) motion after filing its answer, the district court should simply treat the motion as one for judgment on the pleadings under Rule 12(c). Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); DeBraun v. Meissner, 958 F.Supp. 227, 229 (E.D. Pa. 1997). The standard governing Rule 12(c) motions is the same as that governing Rule 12(b)(6) motions, which we previously set forth. Id. We will therefore treat Defendant's Motion to Dismiss as a Motion for Judgment on the Pleadings.

In the Motion, Defendant asserts that its communications with government officials including the "taxing entities" described in the complaint are entitled to immunity under the *Noerr-Pennington* immunity doctrine. (Def.'s Mot. Dismiss at ¶ 6). Defendant asserts that *Noerr-Pennington* immunity protects conduct such as that alleged in the complaint and it bars causes of action such as those asserted in the complaint. Id. at ¶ 7. In response, Plaintiff asserts that the Motion must be denied as no precedent supports the dismissal of its Lanham Act claim or its other claims, at this stage of the litigation, based upon the *Noerr/Pennington* doctrine. (Pl.'s Br. Opp. Def.'s Mot. Dismiss at 6).

After careful consideration of Defendant's Motion, we conclude that it shall be denied for the reasons that follow. First, by Defendant's own admission, neither

the United States Supreme Court, nor the Third Circuit Court of Appeals has addressed the applicability of the *Noerr/Pennington* doctrine to claims that arise under Section 43(a) of the Lanham Act.  (See Def.'s Br. Supp. Mot. Dismiss at 5). There is therefore a paucity of authority on the issue.

In that vein, Defendant places considerable reliance upon our colleague Chief Judge Vanaskie's analysis in Santana Products Inc. v. Bobrick Washroom Equipment, 249 F.Supp.2d 463 (M.D. Pa. 2003)(Vanaskie, C.J.), *aff'd in part, vacated in part*, 401 F.3d 123 (3d Cir. 2005), and argues that it compels the conclusion that the doctrine applies to Lanham Act claims, as well as the others in MRS' complaint.  Notably however, upon the appeal of Santana Products, the Third Circuit did not reach the issue of whether the *Noerr/Pennington* doctrine applies to Lanham Act claims because it determined that the Lanham Act claim and several others were barred by laches.  In that regard, the Third Circuit stated the following, "We will not address at this time the *Noerr/Pennington* doctrine's applicability to Lanham Act claims because we conclude that Santana's Lanham Act claim is barred by laches."  Id. at 135.   Defendant argues that although the Third Circuit vacated the above-referenced portion of Chief Judge Vanaskie's opinion, it did not do so based upon a determination that Chief Judge Vanaskie was mistaken, but because there was another, broader reason for dismissing Santana's

Lanham Act claim. (Def.'s Br. Supp. Mot. Dismiss at 8).

Although we conclude that in his customary fashion Chief Judge Vanaskie provided a comprehensive and well-reasoned analysis in the Santana Products case, we also note that he applied the *Noerr/Pennington* doctrine in resolving a motion for summary judgment, after an extensive factual record had been developed. Although we may ultimately determine that the *Noerr/Pennington* doctrine has applicability to this case, we are unable to make that determination at this early stage and before a more developed record has been placed before the Court. Defendant therefore reserves the right to re-assert its *Noerr/Pennington* immunity argument when the factual record has been sufficiently developed in this case.

Accordingly, Defendant's Motion to Dismiss is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (doc. 22) is DENIED.

          s/ John E. Jones III
          John E. Jones III
          United States District Judge