IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICIPAL REVENUE SERVICES, INC. | : Case No.: 4:05CV671 |
| | : |
| Plaintiff | : Judge Jones |
| | : |
| v. | : |
| | : |
| XSPAND, INC., ET AL., | : |
| | : |
| Defendants | : |

**MEMORANDUM AND ORDER**

January 12, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Strike And/Or Dismiss Counterclaims ("the Motion")(doc. 79) filed by Plaintiff Municipal Revenue Services, Inc. ("Plaintiff" or "MRS") on November 18, 2005. For the reasons that follow, the Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

As we have detailed the factual background and procedural history in prior Orders, we will provide a brief summary thereof. On April 1, 2005, Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania

seeking injunctive relief and damages for alleged violations of the Lanham Act, common law unfair competition, commercial disparagement, tortious interference with contractual relations, and defamation.  (See Rec. Doc. 1).  On April 29, 2005, Defendant Xspand, Inc. ("Defendant" or "Xspand") filed an answer asserting no counterclaims.  On May 2, 2005, Xspand filed an amended answer to assert the Noerr-Pennington doctrine as a defense.  By October 17, 2005 Order, we granted MRS' Motion to File an Amended Complaint against Bear Stearns & Co., Inc., which MRS filed that day.  On October 26, 2005, Xspand filed an answer to the amended complaint which asserted counterclaims that are the subject of the instant Motion.

On November 18, 2005, Plaintiff filed the instant Motion which has been briefed by the parties.  The matter is therefore ripe for disposition.

**DISCUSSION:**

In the Motion, MRS argues that Xspand filed its answer to the amended complaint, wherein it asserted counterclaims for the first time, in retaliation for MRS' joinder of Bear Stearns as a party to this litigation.  MRS asserts that the filing of Xspand's counterclaims is an improper attempt to amend its pleading to assert compulsory counterclaims six months after its initial pleading and more than two months after the Court's August 19, 2005 deadline to file amended pleadings.

Reliant upon Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 13, MRS contends that Xspand has also failed to seek leave of Court to belatedly assert such allegedly untimely counterclaims and that Xspand "purposefully avoided filing a motion for leave to amend its pleading because its own documents and admissions contradict the factual assertions of its newly filed counterclaims.[1]  Defendant XSPAND cannot candidly represent to this Court that justice requires it to be granted leave to assert counterclaims, because the counterclaims are clearly asserted in bad faith."  (Pl.'s Mot. Strike at 2-3).  Plaintiff's second argument is that Xspand's abuse of process counterclaim fails because the facts asserted in support thereof, even if true, do not support such a cause of action as a matter of law.

In response, Xspand argues that MRS' decision to amend its complaint opened the door to Xspand filing its counterclaims, particularly in the absence of any showing of prejudice.  Additionally, Xspand maintains that the allegations of the counterclaim, accepted as true, along with the reasonable inferences arising

---

[1] As MRS contends that Xspand's counterclaims must be stricken as improperly asserted pursuant to Fed.R.Civ.P. 13(f), we note that Rule 13(f) provides as follows:

> **Omitted Counterclaim.**  When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may be leave of court set up the counterclaim by amendment.

Fed.R.Civ.P. 13(f).

therefrom, state a claim for which relief may be granted against MRS for abuse of process. Xspand submits that the Court should ignore the inappropriate and inaccurate assertions MRS makes regarding matters not included in the counterclaim.

After a careful review of the record and the parties' submissions, we find that MRS' decision to amend its complaint opened the door to Xspand filing its counterclaims, especially in light of MRS' inability to demonstrate prejudice suffered as a result of Xspand's counterclaims, for the reasons that follow.

As submitted by Xspand, the Third Circuit Court of Appeals has not addressed the issue of whether a defendant may, as of right, add a counterclaim when responding to an amended complaint. MRS points out that federal courts take different approaches in addressing the extent to which a defendant may, under Federal Rules 13 and 15, assert new counterclaims in responding to an amended complaint. We find that the enlightened approach under the circumstances of this case is one that is "permissive", which is adopted by the federal district courts in Delaware and which permits the defendant to always bring new counterclaims without regard to the scope of the amendment. As Xspand accurately submits, a number of district court opinions support a defendant's right to add a counterclaim as of right when responding to an amended complaint. See, e.g., E.I. DuPont de

Nemours & Co. v. Millennium Chemicals, Inc., 1999 U.S. Dist. LEXIS 12447 (D. Del. Aug. 2, 1999); Standard Chlorine of Delaware, Inc. v. Sinibaldi, 1995 U.S. Dist. LEXIS 13913 (D. Del. Aug. 24, 1995); Joseph Bancroft & Sons Company v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970). In each of the referenced cases, the court has held that a defendant may respond to an amended complaint with a counterclaim notwithstanding Fed.R.Civ.P. 13(f):

> Standard's reliance on Fed.R.Civ.P. 13(f) is misplaced. It has long been the rule in this district that in answering an amended complaint the defendant is free to answer not simply the amendments, but the new complaint, as if answering an original complaint. Nothing in the rules prevents the defendant from including counterclaims in its answer. 'A party securing leave to amend performs a noteworthy chronological feat. His amendment relates back to the date of the original pleading, Fed.R.Civ.P. 15(c), and the amended pleading is treated as if it had been filed on that date. Since the amending pleader receives the benefit of this *nunc pro tunc* treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading.'

Standard Chlorine, 1995 U.S. Dist. LEXIS 13913 at *6-7 (quoting Joseph Bancroft & Sons, 50 F.R.D. at 419 (internal citations omitted)).

Although Plaintiff submits that the "middle ground approach," which has been characterized as moderate and equitable by most courts and commentators and which is most consistent with opinions from the Eastern District of Pennsylvania, is applicable, Plaintiff only cites to one Eastern District of

Pennsylvania case in support thereof, Regent Nat'l Bank v. Dealers Choice Auto. Planning, Inc., 1998 U.S. Dist. LEXIS 20122 (E.D. Pa. Dec. 15, 1998).  The Regent case is factually distinguishable from the case sub judice, however, because it is based upon a line of cases that permit the granting of a motion to strike assuming prejudice to the moving party is demonstrated.  In Regent, Judge Hutton wrote that Joseph Bancroft & Sons constituted persuasive authority but that "the Court would distinguish that case based on the prejudice to the Plaintiff in this case. In Bancroft, the court found that the plaintiff failed to raise any viable prejudice arguments."  1998 U.S. Dist. LEXIS 20122 at *14.  Xspand accurately submits that Judge Hutton relied upon an earlier decision by Judge Kelly, Oy Tilgmann, AB v. Sport Publishing International, Inc., 110 F.R.D. 68 (E.D. Pa. 1986), in which Judge Kelly wrote that "[c]ourts have indicated that granting a motion to strike in circumstances such as these is appropriate, assuming that prejudice to the moving party is demonstrated."  110 F.R.D. at 71.  Accordingly, under this line of cases, Xspand can freely add a counterclaim with the possible exception of a circumstance in which MRS would suffer prejudice.

MRS' Motion and supporting brief fail to address the issue of prejudice it would suffer if Xspand's counterclaims are not stricken.  After Xspand addressed the importance of the prejudice component to the instant analysis, MRS referenced

prejudice for the first time in its reply brief. As previously stated we disagree with MRS' initial argument that there is no need to show prejudice and find the cases cited by MRS to actually reference prejudice and to be factually distinguishable from the instant case, based upon late amendments to add counterclaims. Consider, for example, that the <u>Oy Tilgmann</u> case, in which the Eastern District of Pennsylvania noted that at the time the defendant filed a counterclaim in response to the plaintiff's amended complaint, the discovery period had closed and the court had already heard and decided cross-motions for summary judgment.  110 F.R.D. at 70.  In addition, a second Eastern District of Pennsylvania case, which was cited by MRS, <u>Regent</u>, concerned counterclaims filed to an amended complaint after discovery had closed, which would delay trial or the eventual resolution of the matter by several months or even years.  1998 U.S. Dist. LEXIS 20122 at *13-15. In contrast to such cases involving late amendments to add counterclaims, this case is set for an August 2006 trial term and accordingly discovery will remain open until at least  April 21, 2006.  Therefore, when the relevant cases refer to "prejudice," they speak to such things as re-opening discovery and delaying trial.  <u>See</u> <u>Technographics, Inc. v. Mercer Corp.</u>, 142 F.R.D. 429 (M.D. Pa. 1992). We perceive no such problems here.

     MRS cannot credibly claim prejudice when it has itself just recently amended

its pleading to bring in another party and when it subsequently specifically asked the Court to extend the discovery period and delay trial, which requests were granted by the Court. Stated another way, MRS made what we must assume is the considered choice to amend its complaint. It cannot now be heard to complain that one of the potential ramifications of doing so is that a defendant might choose to respond by asserting counterclaims.[2] Given MRS' failure to demonstrate prejudice, we are presented with no reason to strike Xspand's counterclaims.[3]

MRS' second argument in the Motion is that Xspand's abuse of process counterclaim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as it is legally insufficient.

We will initially note the applicable standard of review for a motion brought under Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, a court must

---

[2] We do note that a considerable portion of MRS' submissions contains irrelevant information which is extraneous to the issues before the Court and which need not be detailed at this juncture.

[3] As accurately submitted by Xspand, even if the law were as MRS suggests it to be, the Court would still have discretion to allow Xspand to file counterclaims pursuant to Fed.R.Civ.P. 13(f). Federal Rule 13(f) allows the Court to grant leave to assert a counterclaim "when justice requires." Courts have held that this standard is essentially the same as the standard Fed.R.Civ.P. 15(a) delineates for courts to decide whether to allow leave to file an amended pleading. See Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 149 F.R.D. 83, 85 (E.D. Pa. 1993). Accordingly, leave should be freely given, particularly in the absence of prejudice. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). We agree with Xspand that it would make little sense for the Court to determine that the requirements of Rule 15(a) were met so as to allow MRS to file an amended complaint but then to find that those requirements were not met with respect to Xspand's counterclaim, which was filed less than two weeks later.

accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

The Third Circuit Court of Appeals and the Pennsylvania Supreme Court have held that the gist of the tort of abuse of process is the improper use of process after it is issued. See General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003); McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987). Courts refer to this as a "perversion" of process and they explain that a perversion of legal process occurs when a party uses the process primarily for a purpose for which the process was not designed. General Refractories, 337 F.3d at 304. Moreover, the Third Circuit Court of Appeals has indicated that the

Pennsylvania Supreme Court "has interpreted the tort broadly, making clear that it 'will not countenance the use of the legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process.'" Id. at 305 (quoting McGee, 535 A.2d at 1026).

After a careful review of applicable caselaw and the parties' submissions, we find that the allegations of Xspand's abuse of process counterclaim, accepted as true for purposes of this Motion, state a claim for which relief may be granted. We reiterate that much of MRS' argument relates to matters that are extraneous to the counterclaim and not cognizable for the purpose of deciding this Rule 12(b)(6) motion. MRS of course reserves the right to re-assert its argument relating to Xspand's abuse of process counterclaim when the factual record has been more fully developed in this case.

Therefore, Plaintiff's Motion to Strike And/Or Dismiss Defendant Xspand's Counterclaims is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion to Strike And/Or Dismiss Defendant Xspand's Counterclaims (doc. 79) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge