IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICIPAL REVENUE SERVICES, INC. | : Case No.: 4:05CV671 : : |
| Plaintiff | : Judge Jones : |
| v. | : : |
| XSPAND, INC., ET AL., | : : |
| Defendant | : |

## MEMORANDUM AND ORDER

August 9, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss Voluntarily Count III of Xspand's Counterclaim pursuant to Fed.R.Civ.P. 41(a) ("the Motion")(doc. 119) filed by Defendant Xspand, Inc. ("Defendant" or "Xspand") on April 27, 2006. For the reasons that follow, the Motion will be granted.

### FACTUAL BACKGROUND/PROCEDURAL HISTORY:

As we have noted in several prior orders, on April 1, 2005, Plaintiff Municipal Revenue Services, Inc. ("Plaintiff" or "MRS") filed a complaint in the United States District Court for the Middle District of Pennsylvania seeking

1

injunctive relief and damages for alleged violations of the Lanham Act, common law unfair competition, commercial disparagement, tortious interference with contractual relations, and defamation. (See Rec. Doc. 1). On October 17, 2005, MRS filed an amended complaint that, among other things, added Bear Stearns & Company, Inc. as a named Defendant. On October 26, 2005, Xspand filed its answer to the amended complaint and Xspand asserted a counterclaim against MRS. (Rec. Doc. 70). Count III of the counterclaim asserts a claim for tortious interference with prospective business relations and it relies upon MRS' alleged improper conduct with regard to the Borough of Norristown. Id. at 8-9.

On April 27, 2006, the instant Motion was filed, which has been briefed by the parties. The matter is therefore ripe for disposition.

## DISCUSSION:

In the Motion, Xspand seeks to voluntarily dismiss Count III of its counterclaim as it "no longer believes it necessary to pursue Count III of the counterclaim." (Def. Xspand Mot. Dismiss at 2). Xspand sought MRS' concurrence in the Motion; however, MRS' counsel indicated that it would only concur in the Motion if certain language characterizing the discovery record in the case sub judice was included and only if the Motion sought dismissal with prejudice.

A careful review of MRS' responsive submission to the Motion indicates that it does not oppose Xspand's voluntary dismissal of Count III of the counterclaim with prejudice. MRS devotes several pages of its response to being "candid" with the Court concerning what has transpired leading to Xspand's filing of the Motion and MRS has requested that the dismissal "be accomplished under the express condition that Defendant Xspand not attempt to sue on these allegations again, in any forum." (Pl.'s Resp. Def.'s Mot. Dismiss at 3-8).

We find that MRS' advices and representations to the Court are gratuitous under the circumstances and are immaterial to our determination regarding Xspand's voluntary dismissal of one count of its counterclaim. We are in agreement with Xspand that it did what a party in litigation is expected to do, voluntarily withdraw a count of its counterclaim as circumstances so warrant. We specifically note that Black's Law Dictionary defines the phrase "dismissal with prejudice" as a dismissal that bars the party from prosecuting any later lawsuit on the same claim. Moreover, the definition states that if after a dismissal with prejudice, a later suit is filed on the same claim, the opposing party can assert the defense of res judicata. It is accordingly proper for the Court to dismiss Count III of Xspand's counterclaim with prejudice, pursuant to Fed.R.Civ.P. 41(a). Defendant Xspand's Motion is therefore granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Voluntarily Count III of its Counterclaim (doc. 119) is GRANTED.

2. Count III of Xspand's counterclaim is dismissed with prejudice.

*/s/ John E. Jones III*
John E. Jones III
United States District Judge