IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUNICIPAL REVENUE SERVICES, INC., | : | CIVIL ACTION NO. **4:CV-05-0671** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| XSPAND, INC. and BEARS STEARNS & CO., INC., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

## I. Background.

On March 21, 2007, non-party Pennsylvania State Representative Steven Cappelli filed a Motion to Quash Plaintiff's Subpoena for his deposition dated March 7, 2007. Representative Cappelli's Motion is filed pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) claiming that Plaintiff's subpoena of March 7, 2007 should be quashed since it seeks disclosure of privileged and protected matters. (Doc. 260).[1] We now resolve the dispute brought pursuant to the March 21, 2007 Motion to Quash Subpoena of non-party Representative Steven Cappelli. **(Doc. 260)**.

Plaintiff also issued a prior subpoena to Representative Steven Cappelli dated January 26, 2007, subpoena *duces tecum*, seeking production of documents, and he served written objections

---

[1]On March 17, 2006, the District Court referred this case to the undersigned pursuant to 28 U.S.C. § 636(b) to dispose of all discovery disputes between the parties, both disputes that were ripe at the time of the Court's Order and disputes which become ripe thereafter. (Doc. 112).
By separate Memorandum and Order dated April 4, 2007, we have denied the Pennsylvania Senate's and Senator Dominic Pileggi's Motion to Quash Plaintiff's Subpoenas issued to him. Docs. 239 and 272.

to this subpoena on Plaintiff's counsel based on federal common law immunity and Pennsylvania State Constitutional immunity. Copies of both subpoenas issued to Representative Cappelli are attached to his Motion, Doc. 260, as Exhibits F and G.[2] However, Representative Cappelli's current Motion only seeks to quash the March 7, 2007 subpoena seeking his deposition. Representative Cappelli argues that all of his legislative efforts regarding the passage of House Bill No. 2638, regardless of the format and whether they were oral or written, are privileged. He states that Plaintiff's March 7, 2007 subpoena compels testimony protected by legislative immunity. He requests the Court to quash Plaintiff's March 7, 2007 subpoena. (Doc. 260, pp. 5-6).

Representative Cappelli also attaches other exhibits to his Motion, in addition to the two stated subpoenas issued to him, including copies of House Bill No. 2638, both the May 2004 and amended November 2004 versions, Doc. 260, Exs. A and D.

On March 21, 2007 (Doc. 262), Representative Cappelli simultaneously filed his support Brief with attached exhibits, including copies of the House Bill and amended version, and the subpoenas Plaintiff issued to him, as well as his objections to Plaintiff's January 26, 2007 subpoena for documents.[3] On April 9, 2007, Plaintiff filed a Response in Opposition to the Motion to Quash

---

A copy of Plaintiff's subpoena to Representative Steven Cappelli dated January 26, 2007, subpoena *duces tecum*, is also attached to Plaintiff's Response and Cross-Motion as Ex. A, Doc. 275.

[3]Representative Cappelli did not file objections to Plaintiff's March 7, 2007 deposition subpoena. Rather, Representative Cappelli filed his present Motion to Quash the March 7, 2007 subpoena of Plaintiff. However, Plaintiff's Cross-Motion to Compel seeks Representative Cappelli's compliance with both of its subpoenas, *i.e.* its subpoena *duces tecum* of January 26, 2007 and its deposition subpoena of March 7, 2007.

Subpoena and a Cross-Motion to Compel Compliance with both of its Subpoenas, along with a support Brief and exhibits. (Docs. 275 and 276). Representative Cappelli filed his Reply Brief in support of his Motion to Quash subpoena and in opposition to Plaintiff's Cross-Motion to Compel on April 13, 2007. (Doc. 281).

In Plaintiff's Cross-Motion to Compel, it seeks to have this Court direct Representative Cappelli to comply with both of its subpoenas, dated January 26, 2007, subpoena *duces tecum*, and dated March 7, 2007, for his deposition. (*See* Doc. 275, p. 3, n. 1).[4]

We did not order an oral argument with respect to the aforementioned Motions since time is now of particular essence, as we have granted Plaintiff's one last extension of the discovery deadline in this case until June 4, 2007, and since we agree with Plaintiff that our April 4, 2007 Memorandum dealing with Senator Pilleggi has considered similar issues to those now presented by Representative Cappelli in his Motion. (Doc. 275, pp. 1-2). We find that the respective Briefs of the parties are sufficient to resolve the Motion to Quash Subpoena of non-party Representative Cappelli and the Plaintiff's Cross-Motion to Compel his compliance with both of its subpoenas. (Docs. 260 and 275). These stated Motions are the subject of this Memorandum.

---

[4]We agree with Plaintiff that Representative Cappelli relies only on the doctrine of legislative immunity as support for his present Motion to Quash Plaintiff's March 7, 2007 subpoena. (Doc. 260, p. 6 and Doc. 275, p. 3, n. 1).

## II. Motion to Quash Subpoena of Non-party Representative Cappelli (Doc. 260).

As mentioned, Plaintiff served two subpoenas on non-party Pennsylvania Representative Cappelli, one, the January 26, 2007 subpoena *duces tecum* to produce a list of documents attached to the subpoena, and the second, the March 7, 2007 subpoena, to seek the testimony of Representative Cappelli. (Doc. 260, Exs. F and G).[5] On March 21, 2007, counsel for Representative Cappelli filed a Motion to Quash Plaintiff's March 7, 2007 subpoena, with attached copies of Plaintiff's two subpoenas issued to him, as well as a support Brief. (Docs. 260 and 262). Plaintiff filed, on April 9, 2007, a Response in Opposition to the Motion to Quash Subpoena and a Cross-Motion to Compel Representative Cappelli's Compliance with both of its Subpoenas, along with a support Brief and exhibits. (Docs. 275 and 276). As stated above, on April 4, 2007, the Court issued a Memorandum and Order with respect to a similar Motion to Quash filed by Pennsylvania Senator Pilleggi, and a similar Cross-Motion to Compel filed by Plaintiff. (Doc. 272). However, we must apply Representative Cappelli's claim of legislative immunity to the facts that are pertinent to his alleged involvement with Plaintiff's claims raised in this case, and decide if, based on these facts, Plaintiff's subpoenas are seeking production of matters within the legitimate legislative sphere. We again conclude, for the most part, that they are not. However, we agree with Representative Cappelli that Plaintiff is precluded from seeking documents and testimony from him relating to his legislative efforts in connection with House Bill 2638. (Doc. 281, pp. 1-2). Indeed, Plaintiff has also agreed to limit its scope of its subpoenas as stated above. (Doc. 275, pp.

---

[5]Plaintiff correctly issued both of its above stated subpoenas to Representative Cappelli out of the Middle District of Pennsylvania. (Doc. 260, Exs. F & G).

4

2-3, ¶ 4.).

## III. Discussion.

As mentioned, Counsel for Representative Cappelli moved to quash the Plaintiff's March 7, 2007 subpoena pursuant to only Fed. R. Civ. P. 45(c)(3)(A)(iii), since he claimed that it seeks to compel testimony that is protected by legislative immunity. (Doc. 260, p. 6). Initially, as Representative Cappelli points out in his Reply Brief (Doc. 281,pp. 1-2), Plaintiff's counsel has now conceded that in its subpoenas, "[Plaintiff] MRS did not seek documents or testimony relating to Mr. Cappelli's legislative efforts in connection with House Bill 2638." (Doc. 275, pp. 2-3, ¶ 4.). Plaintiff attached to its Brief, Doc. 275, as Exhibits, e-mails to Representative Cappelli which Plaintiff claims show his involvement in helping Xspand market its product, as well as deposition testimony excerpts from Defendant Xspand's Charles Smith, in which he states that he had a discussion with Representative Cappelli about seeking his help to secure an introduction with either the City of Williamsport or Williamsport School District officials to promote Xspand's product. (Doc. 275, Ex. I).

In his Reply Brief, counsel for Representative Cappelli states that, in light of Plaintiff's counsel's concession that he will not seek documents or testimony relating to Representative Cappelli's legislative efforts in connection with HB No. 2638, this Court should grant the Representative's Motion to Quash with respect to such documents and testimony relating to legislation, and that the Representative's deposition can then be scheduled. (Doc. 281, pp. 3-4).

We agree with counsel for Representative Cappelli that legislative immunity protects disclosure of the Representative's legislative efforts related to HB No. 2638, including but not

limited to the passage of the the Bill and any amendments thereto. (*Id.*, p. 3). We also agree with counsel for Representative Cappelli that the Representative's Motion to Quash should be granted in part with respect to Plaintiff's concession stated above. Thus, as stated in Representative Cappelli's Reply Brief (*Id.*, p. 2), ¶ 6. of Plaintiff's January 26, 2007 subpoena *duces tecum* with the language "relating to legislation concerning the purchase, sale or assignment of tax liens" will be quashed, since documents relating to legislation are within the scope of the legislative immunity doctrine. (*See* Doc. 260, Ex. F, p. 4 of January 26, 2007 subpoena and Doc. 275, Ex. A). Similarly, at Representative Cappelli's deposition, Plaintiff will not be permitted to question the Representative regarding his legislative efforts in connection with HB No. 2638.

We will also grant Plaintiff's Cross-Motion to Compel in part with respect to its subpoenas for documents and testimony not related to Representative Cappelli's legislative efforts in connection with the passage of HB No. 2638. We do not find it necessary to again discuss in detail the doctrine of legislative immunity, since we have recently done so in our April 4, 2007 Memorandum. (Doc. 272). We do, however, point out that Counsel for Representative Cappelli, as did counsel for Senator Pilleggi, cites to the case of *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), with respect to support for the Constitutionally based legislative immunity doctrine, derived from the Speech and Debate Clause, and to the Third Circuit case of *Youngblood v. DeWeese*, 352 F. 3d 836 (2003), for support that state legislators are protected by the Clause.[6] Counsel for

---

[6] As noted in our April 4, 2007 Memorandum, we did not deem Plaintiff as contesting that the stated Speech and Debate Clause applies to federal and state legislators. Also, as we previously noted, state legislators are accorded legislative immunity similar to the immunity derived from the Speech and Debate Clause. *See Larsen v. Senate of Com. of Pa.*, 152 F. 3d 240 (3d Cir. 1998); *cert.* denied, 525 U.S. 1145 (1999). *See also Fowler-Nash v. The Democratic*

Representative Cappelli correctly states that the Speech and Debate Clause bars suit against legislators and prevents testimony by legislators regarding matters within the legitimate legislative sphere, i.e. all issues of legislative actions of state legislators. (Doc. 262, pp. 8-9).

We also find it unnecessary to again discuss the parameters of legislative immunity, since counsel for Representative Cappelli and counsel for Plaintiff have come to an agreement regarding Plaintiff's subpoenas to Representative Cappelli. Further, since time is now of the essence with the final discovery deadline approaching in this case, which is over two years old, we seek to expedite the remaining discovery disputes.

As Counsel for Representative Cappelli states, "[a]ll of the facts surrounding the introduction of House Bill 2638, discussions conducted by Representative Cappelli concerning House Bill 2638, written documents concerning House Bill 2638, debate concerning House Bill 2638, etc." are protected by legislative immunity. (Doc. 262, p. 9). Thus, there is no dispute that Representative Cappelli's documents and testimony regarding the complete legislative process before, during and after the Bill's enactment are privileged by the legislative immunity doctrine. Counsel also stated that Plaintiff's January 26, 2007 subpoena, at ¶ 6., seeks documents regarding the Representative's legislative efforts and communications with other legislators related to the stated Bill. As stated, we agree with Counsel for Representative Cappelli that the documents relating to legislation are privileged, and we shall grant the Representative's Motion to Quash with respect to such documents and testimony. However, we will grant Plaintiff's Cross-Motion to Compel the

---

Caucus of the Pa. House of Rep., 469 F. 3d 328, 331 (3d Cir. 2006).

Representative to provide Plaintiff with requested testimony, information and documents that are not related to legislation and are not subject to legislative immunity.

Specifically, in his Reply Brief, Doc. 281, p. 4, counsel for the Representative states this Court should grant the Representative's Motion to Quash the March 7, 2007 subpoena as it relates to "documents or testimony to Representative Cappelli's legislative efforts in connection with HB 2638." We agree.

We shall thus order Representative Cappelli to provide the Plaintiff with all documents requested in its January 26, 2007 subpoena *duces tecum*, except for documents relating to his legislative efforts in connection with HB 2638, within ten (10) days of the date of this Memorandum and Order. We will also order Representative Cappelli to comply with Plaintiff's March 7, 2007 deposition subpoena and to appear for deposition by the Plaintiff and to give testimony, except for testimony relating to his legislative efforts in connection with HB 2638, within fifteen (15) days of the date of this Memorandum and Order.

Plaintiff's Cross-Motion to Compel will be granted with respect to its subpoenas, and Plaintiff will be permitted to obtain documents and testimony from Representative Cappelli that do not relate to his actions that are of a legislative nature and that are within a legislative sphere. Plaintiff will be permitted to obtain information with respect to the documents and testimony it seeks from Representative Cappelli, except for those related to his legislative efforts in connection with HB 2638. As correctly stated in Representative Cappelli's Reply Brief (Doc. 281, p. 2), his Motion to Quash should be granted with respect to Plaintiff's ¶6. of its January 26, 2007 document subpoena (*duces tecum*), and with respect to the reference "relating to legislation" contained in Document

Request No. 6. (See Doc. 275, Ex. A, p. 5, ¶ 6.). We deem the stated phrase quashed from Plaintiff's stated subpoena.

We agree with Plaintiff that it is entitled to the documents and testimony it seeks in its present subpoenas relating to business activities Representative Cappelli allegedly conducted on behalf of Defendants. We concur with Plaintiff that its Motion to Compel should be granted with respect to the requested documents and testimony from Representative Cappelli that do not relate to his legislative activities and his communications concerning legislation. We also agree with Representative Cappelli that he is entitled to legislative immunity with respect to documents and testimony relating to legislation, but that in all other respects he must comply with Plaintiff's subpoenas. Thus, we find that Plaintiff's Motion to Compel its document and deposition subpoenas, insofar as they seek documents and testimony which are not related to Representative Cappelli's legislative activities and the passing of legislation (namely, HB # 2638), should be granted.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 7, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICIPAL REVENUE SERVICES, INC., | CIVIL ACTION NO. 4:CV-05-0671 |
| Plaintiff | (Judge Jones) |
| v. | (Magistrate Judge Blewitt) |
| XSPAND, INC. and BEARS STEARNS & CO., INC., | |
| Defendants | |

## ORDER

**AND NOW, this 4ᵗʰ day of May, 2007,** based on the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Cross-Motion to Compel Non-Party Representative Cappelli's Compliance with its January 26, 2007 and March 7, 2007 Subpoenas **(Doc. 275)** is **GRANTED in part** and **DENIED in part** as discussed in the foregoing Memorandum.

2. Pennsylvania Representative Cappelli's Motion to Quash the March 7, 2007 Subpoena **(Doc. 260)** is **GRANTED in part and DENIED in part,** as discussed in the foregoing Memorandum.

Specifically, we direct Representative Cappelli to provide the Plaintiff with all documents requested in its January 26, 2007 subpoena *duces tecum*, except for documents relating to his legislative efforts in connection with HB 2638, within **ten (10) days** of the date of this Order. We also direct Representative Cappelli to comply with Plaintiff's March 7, 2007 deposition subpoena

and to appear for deposition by the Plaintiff, and to give testimony, except for testimony relating to his legislative efforts in connection with HB 2638, within **fifteen (15) days** of the date of this Order.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: May 4, 2007