IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUNICIPAL REVENUE SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | No. 4:05-CV-671 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| XSPAND, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**January 18, 2008**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

We are in receipt of Plaintiff Municipal Revenue Services, Inc.'s ("Plaintiff") "Motion to Clarify the Footnote in the Court's January 4, 2008 Order" ("the Motion") and supporting brief. (Rec. Docs. 377, 378). Although Plaintiff's counsel seeks clarification of footnote one in the aforementioned Order, together with an explanation therefor and hearing thereon, we are confident that no such proceeding is necessary. As to the only point that should be of concern to Plaintiff, we assure it and its counsel that nothing contained in footnote one was meant to imply that attorney and Montgomery County Commissioner Bruce Castor's joining of Elliott Greenleaf & Siedzikowski, P.C., somehow made the facts set forth in Plaintiff's supplemental brief (doc. 375) less meritorious or less true. Indeed,

1

while we could have disregarded entirely the supplemental brief, which was filed without leave of Court, we elected not to do so and, in fact, ordered the attorneys for Messrs. Ellis and Matthews to state their position(s) with respect to the same.

We will note that the instant Motion somewhat proves what this Court has observed in prior Orders, which is that Plaintiff's counsel tends to file invective-filled submissions containing extraneous allegations that are not helpful to our ability to resolve the issues at hand.  While such submissions may make for interesting and at times even entertaining reading, it must be noted that we remain in the discovery stage of this case.  Plaintiff's lead counsel, John M. Elliott, Esq., is well known to this Court.  We recognize him as an ethical and vigorous advocate. We do wish, however, that he would refrain from raising these ancillary matters at this point in this most complex litigation.

We trust that this will suffice as both the requested clarification and explanation.  There will be no hearing on this matter.

Understanding that we must resolve the Appeal that remains pending before us, we nevertheless wonder whether this matter is ripe to be returned to the able hands of United States Magistrate Judge Blewitt for settlement discussions.  We encourage the parties to strongly consider this option, and to inform this Court forthwith should the parties wish to participate in such discussions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Motion to Clarify the Footnote in the Court's January 4, 2008 Order" (doc. 377) is **GRANTED** to the extent outlined in the preceding Memorandum.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge